**\*\* E-filed August 11, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THAO N. PHAM, | No. C10-02613 HRL |
| Plaintiff, | **ORDER (1) GRANTING IN PART DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |
| _____/ | **[Re: Docket No. 5]** |

This case arises out of a $600,000 home loan in 2004 involving *pro se* plaintiff Thao N. Pham ("Pham") and defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, LP ("BAC"), ReconTrust Company N.A. ("ReconTrust"), and Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Bank of America Mortgage Securities, Inc. Mortgage Pass-Through Securities, Series 2004-4 ("Wells Fargo") (collectively, "Defendants"). The loan is secured by Pham's property in Santa Clara County, California. In July 2009, Pham stopped making mortgage payments on his loan and unsuccessfully tried to get a modification. Pham alleges that he stopped making his payments in reliance on Bank of America's advice because it could only consider a modification once Pham was delinquent on the loan. (Docket No. 1, Ex. 1 ("Complaint") at 12.)

After failing to get his loan modified, Pham sued Defendants in state court alleging fraud and conspiracy to commit fraud, violation of California Civil Code § 2923.5, "Predatory Lending/Violation of Truth in Lending," unlawful and fraudulent business practices in violation of

California Business & Professions Code § 17200, defamation, false light, and violation of the Fair Credit Reporting Act ("FCRA"), and seeking declaratory and injunctive relief. Defendants timely removed the case to federal court and thereafter filed a motion to dismiss Pham's complaint and a request for judicial notice.[1] (Docket Nos. 1, 5 & 5-1.)

## LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55 (2007). Yet only plausible claims for relief with survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)), *amended on other grounds by* 275 F.3d 1187 (9th Cir. 2001).

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

2

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

**DISCUSSION**

A. <u>Defendants' Request for Judicial Notice</u>

Defendants request that the Court take judicial notice of six documents related to Pham's mortgage loan and property: (1) the Adjustable Rate Note; (2) the Deed of Trust; (3) the Substitution of Trustee and Assignment of Deed of Trust; (4) the Good Faith Estimate of Settlement Services ("Good Faith Estimate"); (5) the Federal Truth in Lending Disclosure Statement; and (6) the Notice of Default and Election to Sell under Dead of Trust ("Notice of Default"). (Docket No. 5-1.)

In deciding a motion to dismiss, the court is ordinarily limited to only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court may take judicial notice of facts that are not subject to reasonable dispute. FED. R. EVID. 201. Such facts include matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

The Deed of Trust, Substitution of Trustee and Assignment of Deed of Trust, and Notice of Default were recorded with the Santa Clara County Recorder's Office and thus may be judicially noticed since they are in the public record.

The Adjustable Rate Note, Good Faith Estimate, and Federal Truth in Lending Disclosure Statement are not in the public record, though, and may not be judicially noticed. Defendants cite to the Ninth Circuit case *Branch v. Tunnell* for the rule that while a court generally may not consider matters beyond the pleadings on a Rule 12(b)(6) motion, "a document is not 'outside' the complaint

3

if the complaint specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir.2002). But while *Branch* is good law on this point, it does not provide an independent basis for judicial notice. Thus, because the authenticity of these documents is not questioned, the Court shall consider them for purposes of Defendants' motion to dismiss but will deny Defendants' request for the Court to take judicial notice of them. *See Curcio v. Wachovia Mortg. Corp.*, No. 09-cv-2927 BTM (RBB), 2010 WL 2836828, at *7 n.1 (S.D. Cal. July 19, 2010) (denying defendants' request to take judicial notice of documents under *Branch* but considering the documents for purposes of a motion to dismiss).

B. <u>Defendants' Motion to Dismiss</u>

(1) <u>Fraud/Conspiracy to Commit Fraud</u>

In his first cause of action, Pham claims that Defendants committed fraud and conspired to commit fraud because while Defendants were "reassuring him that he . . . in fact would be considered . . . [for] a loan modification," Defendants "had no intent of actually providing plaintiff with a meaningful loan modification." (Complaint, ¶¶ 61-62.) However, Pham fails to allege what was said, when it was said, or how exactly he was misled. In short, his fraud claim fails as it is not pled with particularity as required by Federal Rule of Civil Procedure 9(b). His conspiracy claim contains similarly conclusory statements, as he alleges only that "[e]ach of the defendant[s] herein were aware of the acts of their co-conspirators, agreed with the acts performed, and each intended to help the other to commit wrongful acts." (Complaint, ¶ 63.) Because he provides no facts to support these conclusions, Pham's conspiracy claim fails as well, and both claims shall be dismissed without prejudice.

(2) <u>California Civil Code § 2923.5</u>

Pham's second cause of action claims that Defendants violated California Civil Code § 2923.5. This section requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." CAL. CIV. CODE § 2923(a)(2). It also requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of

4

1  compliance with the section, including attempt "with due diligence to contact the borrower . . . ."
2  CAL. CIV. CODE § 2923.5(b).  Pham alleges that "[a]t no time prior to the issuing the [Notice of
3  Default] did defendants contact plaintiff[] in person or by telephone in order to address his financial
4  situation and explore options to avoid foreclosure."[2]  (Complaint, ¶ 69.)

5  Here, the Notice of Default includes a declaration by a senior collector for BAC that Bank of
6  America "tried with due diligence to contact the borrower in accordance with California Civil Code
7  Section 2923.5."  (Docket No. 5-1, Ex. 6.)  While in some circumstances such a declaration may be
8  enough to dismiss a claim with prejudice, *see Gentsch v. Ownit Mortg. Solutions, Inc.*, No. CV F
9  09-0649 LJO GSA, 2009 WL 1390843, at \*6 (E.D. Cal. May 14, 2009), Pham alleges that this
10 declaration is in fact "false."  (Complaint, ¶ 71.)  Defendant argue that Pham's complaint belies this
11 allegation since he acknowledges that Bank of America had been in contact with him about his loan,
12 but his complaint does not specify whether the contact was in person or by telephone nor does it
13 give any indication whether this contact occurred before the Notice of Default was issued.  (*See*
14 Complaint, ¶ 51 ("In February 2010, after several inquiries, including requests that Plaintiff
15 resubmits [sic] financial worksheet and documents, Plaintiff had not received the [any] documents
16 he was told to expect.").)  Still, although Pham does not allege any facts to support his bald assertion
17 that the declaration is false, the Court is not convinced that he will not be able to do so.
18 Accordingly, Pham's claim shall be dismissed without prejudice.[3]

19 (3) "Predatory Lending/Violation of Truth in Lending"

---

[2] Pham may also have attempted to allege "trustee fraud" pursuant to California Civil Code § 2923.5 (Complaint, ¶ 68), but such a claim is not properly pled under this provision. Even it was, Pham's allegations in this paragraph are unclear and would not state a claim upon which relief could be granted.

[3] Defendants also argue that there is no private right of action under this section. However, courts are split on this question. *Compare Gaitan v. Mortgage Electronic Registration* Systems, No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729 (C.D. Cal. Oct. 5.2009) (finding no private right of action); *Yulaeva v. Greenpoint Mortgage Funding, Inc.*, No. CIV. S-09-1504 LKK/KJM, 2009 WL 2880393, at \*11 (E.D. Cal. Sept.03, 2009) (assuming without deciding that it does not provide a private right of action); *Anaya v. Advisor Lending Group*, No. CV F 09-1191 LJO DLB, 2009 WL 2424037, at \*7-8 (E.D. Cal. Aug. 5, 2009), *with Ortiz v. Accredited Home Lenders, Inc.*, 639 F.Supp.2d 1159, 1166 (S.D. Cal. 2009) (finding a private right of action because "the California legislature would not have enacted this 'urgency' legislation, intended to curb high foreclosure rates in the state, without any accompanying enforcement mechanism."). Given this uncertainty, the Court cannot find as a matter of law that Pham's claim fails for this reason.

In his third cause of action, Pham alleges that Defendants engaged in predatory lending because his mortgage loan "was marketed in a way that failed to fully disclose all material times" and contains terms that are "inherently unfair, fraudulent or unconscionable." (Complaint, ¶ 79.) He also alleges that the his loan documents "do not plainly and prominently disclose the good faith estimate of closing costs, the site of a yield spread premium paid directly or indirectly, in whole or in part[,] to a mortgage loan officer." (Complaint, ¶ 80.)

There is no common law claim for predatory lending. However, California Financial Code § 4973 prohibits certain predatory lending-type acts with respect to "covered loans." A "covered loan" includes those in which "the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust." CAL. FIN. CODE § 4970(b).

Defendants point out that the conforming loan limit for a single-family first mortgage loan in 2004 was $333,700. (Foreclosure Prevention and Mortgage Assistance, http://www.fanniemae.com/aboutfm/loanlimits.jhtml (last visited July 27, 2010).) Thus, Phan's $600,000 loan is not a "covered loan," and so his predatory lending claim shall be dismissed with prejudice. *See Glover v. Fremont Inv. and Loan*, No. C-09-03922 JCS, 2009 WL 5114001, at *5 (N.D. Cal. Dec. 18, 2009) (dismissing with prejudice plaintiff's claim because the conforming loan limit was $417,000 at the time plaintiff entered into his $461,000 loan); *see also Sutherland v. Diversified Capital Inc.*, No. C 08-03474 CRB, 2008 WL 2951353, at *2 (N.D. Cal. July 24, 2008).

And assuming that Pham brought his truth in lending claim pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), his claim, as currently alleged, is barred by the statute of limitations since he would have had to have brought a claim within one year of signing his loan documents on March 18, 2004. 15 U.S.C. § 1640(e); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (absent evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of defendant that prevents a plaintiff from discovering its claim, the limitations period begins to run at the time the loan documents are signed). Pham did not, and he offers no evidence and makes no allegations to suggest any reason for tolling the limitations period.

Plus, Pham was provided with a Good Faith Estimate and Federal Truth in Lending Disclosure Statement. (Docket No. 5-1, Exs. 4 & 5.) But because it is conceivable that Pham could allege facts to support tolling the limitations period, his TILA claim shall be dismissed without prejudice.

(4) Unlawful and Fraudulent Business Practices in Violation of California Business & Professions Code § 17200

Pham's fourth and fifth causes of action are for unlawful and fraudulent business practices, both in violation of California Business & Professions Code § 17200 and predicated on underlying violations of California Civil Code § 2923.5. (Complaint, ¶¶ 83-92.) But as explained above, Pham does not state a viable claim under California Civil Code § 2923.5. And to the extent that Pham makes this claim pursuant to other underlying violations of law, his allegations are conclusory and do not state a claim. (*See* Complaint, ¶¶ 89 & 92.) They shall be dismissed without prejudice.

(5) Defamation, False Light, and Violation of the FCRA

Pham's sixth, seventh, and eighth causes of action are for defamation, false light, and violations of the FCRA, 15 U.S.C. § 1681 *et seq*. He alleges that Defendants "willfully and with intent to injure plaintiffs [sic] reported to the various reporting agencies (Equifax, Experian and TransUnion) that plaintiffs were [sic] delinquent on their [sic] loan obligations. Defendants willfully and/or negligently failed to remove and delete negative credit reporting information on plaintiff's credit report despite such knowledge." (Complaint, ¶ 95.)

The FCRA preempts certain state law defamation actions. Indeed, "[e]xcept as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation . . . against any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). So, unless a plaintiff alleges that a defendant acted with "malice or willful intent to injure," a state law defamation or false light claim based on credit reporting activities is expressly preempted by the FCRA.[4]  *See Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1025-28 (9th Cir. 2009); *Steinmetz v. General Elec. Co.*, No. 08 CV 1635 JM (AJB),

---

[4] "[A] false light action is in substance equivalent to a defamation suit. A plaintiff alleging false light, therefore, must also satisfy the requirement[] of malice . . . ." *Johnson v. Harcourt, Brace, Jovanovich, Inc.,* 43 Cal.App.3d 880, 893 (1974) (citations omitted); *see also Roberts v. McAfee, Inc.*, No. C 09-4303 PJH, 2010 WL 890060, at *11 (N.D. Cal. Mar 08, 2010).

7

2009 WL 3461133, at *4 (N.D. Cal. Oct 22, 2009). "Malice" requires a showing that the publication was made (1) with knowledge that it was false or (2) with reckless disregard for its truth, the latter supported by a showing that the defendant in fact entertained serious doubts as to the truth of the publication. *See Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d at 1028 (citations omitted).

While Pham alleges that Defendants acted "willfully" and "with actual malice and/or reckless disregard for the consequences of their actions," he provides no facts to support these general and conclusory statements. (*See* Complaint, ¶¶ 95, 106 & 113.) He even concedes that he was in default under his loan, contrary to his basis for these claims. (Complaint, ¶ 49). As currently pled, then, Pham does not state a claim under either his defamation or false light causes of action since they are preempted by the FCRA.

As none of Defendants are credit reporting agencies, the Court supposes that Pham alleges his FCRA claim pursuant to 15 U.S.C. § 1681s-2(a), which broadly states the various duties of furnishers of credit information to provide accurate information to credit reporting agencies. Defendants argue that Pham has not alleged that they made any inaccurate or false statements. They are correct. Indeed, as noted above, Pham conceded that he was in default and delinquent on his loan obligation. (Complaint, ¶ 49.) He has alleged no other facts to support his FCRA claim, so it must fail. His defamation, false light, and FCRA claims shall be dismissed without prejudice.

(6) <u>Declaratory and Injunctive Relief</u>

Pham seeks declaratory relief purportedly because there is a dispute between the parties "as to the actual owner of the property" at issue and whether the Notice of Default is "invalid and void" as a result of Defendants' alleged failure to comply with applicable law related to its issuance. (Complaint, ¶¶ 115 & 116.) When there is an "actual controversy" between parties, a federal court may "declare the rights and other legal relations" of the parties. 28 U.S.C. § 2201. The standard used to determine whether there is an actual controversy is the same as the "case or controversy" requirement of the U.S. Constitution. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1993). But because plaintiff has failed to state any federal claims for relief and has alleged no additional facts under this claim, there is no federal case or controversy over which the court may hear their request for declaratory relief.

8

Pham also seeks injunctive relief (which is a remedy, not a separate cause of action) because Defendants could, "in theory," file an unlawful detainer against him, which he claims would illegal. (Complaint, ¶ 117.)  As Pham does not allege any facts whatsoever to support his request for injunctive relief, it is not properly made.

## CONCLUSION

Based on the foregoing, the Court GRANTS Defendants' motion, dismissing with prejudice Pham's "Predatory Lending" claim in his third cause of action and without prejudice his remaining claims.  Pham may file a First Amended Complaint within 14 days of this order.

**IT IS SO ORDERED.**

Dated: August 11, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

9

**C10-02613 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Deborah Anne Goldfarb | deborah.goldfarb@bryancave.com, ursula.manning@bryancave.com |
| Stuart Winston Price | swprice@bryancave.com, holly.ottiger@bryancave.com |
| Tracy Marie Talbot | tracy.talbot@bryancave.com, ursula.manning@bryancave.com |

**Notice shall be provided by other means to:**

Thao N Pham
16825 Zinfandel Circle
Morgan Hill, CA 95037

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**