NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THAO N. PHAM, | No. C10-02613 HRL |
|     Plaintiff, | **ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
|     Defendants. | |
| _____/ | **[Re: Docket No. 17]** |

This case arises out of a $600,000 home loan in 2004 involving plaintiff Thao N. Pham ("Pham") and defendants Bank of America, N.A. ("Bank of America"), BAC Home Loans Servicing, LP ("BAC"), ReconTrust Company N.A. ("ReconTrust"), and Wells Fargo Bank, N.A. as Trustee for the Certificateholders of Bank of America Mortgage Securities, Inc. Mortgage Pass-Through Securities, Series 2004-4 ("Wells Fargo") (collectively, "Defendants").

Pham initially sued Defendants in state court alleging fraud and conspiracy to commit fraud, violation of California Civil Code § 2923.5, "Predatory Lending/Violation of Truth in Lending," unlawful and fraudulent business practices in violation of California Business & Professions Code § 17200, defamation, false light, and violation of the Fair Credit Reporting Act ("FCRA"), and seeking declaratory and injunctive relief. Defendants timely removed the case to federal court. (Docket No. 1.) On motion, the Court dismissed Pham's complaint without prejudice and allowed him to file an amended complaint within 14 days. (Docket No. 13.) Pham did so, but this time

alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), violation of due process, and breach of contract and breach of the covenant of good faith and fair dealing. (Docket No. 15 ("First Amended Complaint" or "FAC").)

Defendants now move the Court to dismiss Pham's First Amended Complaint and to take judicial notice of three documents. (Docket No. 17.) Pham, who retained counsel after he filed the First Amended Complaint, filed a "response," rather than an opposition, to Defendants' motion which requests leave to amend the complaint once again "to present a clear picture of the facts and legal theories for relief." (Docket No. 22 ("Opp'n") at 1.)

Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the December 7, 2010 hearing is vacated.[1]

## LEGAL STANDARD

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 55 (2007). Yet only plausible claims for relief with survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff]

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

2

1 can prove facts which [he or she] has not alleged." *Associated General Contractors of California,*
2 *Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required
3 to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or
4 unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)
5 (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)), *amended on other*
6 *grounds by* 275 F.3d 1187 (9th Cir. 2001).

7     "A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P.
8 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to
9 amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of
10 amendment.'" *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted).
11 "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v.*
12 *Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of
13 facts can be proved which would constitute a valid claim or defense. *See Miller v. Rykoff-Sexton,*
14 *Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

15 **DISCUSSION**

16 A.  Defendants' Request for Judicial Notice

17     Defendants request that the Court take judicial notice of three documents related to Pham's
18 mortgage loan and property: (1) the Adjustable Rate Note; (2) the Deed of Trust; and (3) the
19 Substitution of Trustee and Assignment of Deed of Trust. (Docket No. 17-1.)

20     In deciding a motion to dismiss, the court is ordinarily limited to only "allegations contained
21 in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."
22 *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court may take judicial notice of facts
23 that are not subject to reasonable dispute. FED. R. EVID. 201. Such facts include matters of public
24 record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

25     The Deed of Trust and the Substitution of Trustee and Assignment of Deed of Trust were
26 recorded with the Santa Clara County Recorder's Office and thus may be judicially noticed since
27 they are in the public record.

28

The Adjustable Rate Note is not in the public record, though, and may not be judicially noticed. Defendants cite to the Ninth Circuit case *Branch v. Tunnell* for the rule that while a court generally may not consider matters beyond the pleadings on a Rule 12(b)(6) motion, "a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned." *Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir.2002). But while *Branch* is good law on this point, it does not provide an independent basis for judicial notice. Thus, because the authenticity of this document is not questioned, the Court will consider it for purposes of Defendants' motion to dismiss but will deny Defendants' request for the Court to take judicial notice of it. *See Curcio v. Wachovia Mortg. Corp.*, No. 09-cv-2927 BTM (RBB), 2010 WL 2836828, at *7 n.1 (S.D. Cal. July 19, 2010) (denying defendants' request to take judicial notice of documents under *Branch* but considering the documents for purposes of a motion to dismiss).

B. <u>Defendants' Motion to Dismiss</u>

Pham's original complaint was dismissed largely because he presented no factual allegations to support his conclusory statements. (*See* Docket No. 13.) His First Amended Complaint, which alleges a completely new set of claims, is similarly deficient. (*See generally*, FAC.) Its pages are filled with inapposite descriptions of the recent spate of foreclosures throughout the country rather than specific allegations to support Pham's particular claims. Not surprisingly, then, rather than oppose Defendants' motion on its merits, Pham's recently-retained counsel asks the Court for leave to file another amended complaint.

While Defendants urge the Court to dismiss Pham's First Amended Complaint with prejudice because further amendment would be futile, the Court is, at least at this point, unwilling to do so because the utter lack of factual content in the First Amended Complaint makes it impossible for the Court to say with certainty that further amendment would be futile. As such, the Court will dismiss Pham's First Amended Complaint without prejudice and allow him to file a Second Amended Complaint.

4

**CONCLUSION**

Based on the foregoing, the Court GRANTS Defendants' motion and dismisses Pham's First Amended Complaint without prejudice.  Pham may file a Second Amended Complaint within 14 days of this order.

**IT IS SO ORDERED.**

Dated: December 3, 2010



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-02613 HRL** N**otice will be electronically mailed to:**

| | |
|---|---|
| Deborah Anne Goldfarb | deborah.goldfarb@bryancave.com, kadac@bryancave.com |
| Jeralyn Kay Bercaw Spradlin | lawofficeofjks-dmf@sbcglobal.net |
| Stuart Winston Price | swprice@bryancave.com, brenda.vaziri@bryancave.com, holly.ottiger@bryancave.com |
| Tracy Marie Talbot | tracy.talbot@bryancave.com, kadac@bryancave.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**